CHARLENE M. MORROW (CSB No. 136411)
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200
cmorrow@fenwick.com

BRYAN A. KOHM (CSB No. 233276)
FENWICK & WEST LLP
275 Battery Street, Suite 1600
San Francisco, CA 94111
Telephone: (415) 875-2300
Facsimile: (415) 281-1350
bkohm@fenwick.com

Attorneys for Plaintiff
Macrovision Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MACROVISION CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>WISE SOLUTIONS, INC., a Michigan Corporation, and ALTIRIS, INC., a Delaware Corporation,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>(1) PATENT INFRINGEMENT;<br><br>(2) DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY;<br><br>(3) INTERFERENCE WITH ECONOMIC RELATIONS.<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiff Macrovision Corporation ("Macrovision") hereby alleges as follows:

## JURISDICTION AND VENUE

1. This action arises under the Patent Laws of the United States, Title 35 of the United States Code, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the laws of the state of California. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338 and 1367.

2. This Court has personal jurisdiction over Defendants because they have engaged in continuous and systematic activities and/or business in California, including without limitation entering into contracts and/or business relationships with California businesses and/or residents. Defendants have also committed intentional acts in or expressly aimed at the State of California concerning the subject matter of this action.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## THE PARTIES

4. Plaintiff Macrovision is a corporation organized under the laws of the state of Delaware with its principal place of business at Santa Clara, California.

5. Plaintiff is informed and believes that defendant Altiris, Inc. ("Altiris") is a corporation organized under the laws of the state of Delaware with its principal place of business at Lindon, Utah.

6. Plaintiff is informed and believes that Wise Solutions, Inc. ("Wise Solutions") is a corporation organized under the laws of the state of Michigan with its principal place of business at Lindon, Utah. Plaintiff is further informed and believes that Wise Solutions is a wholly-owned subsidiary of defendant Altiris.

7. With respect to any conducted alleged herein, Macrovision is informed and believes that Wise Solutions and Altiris acted as agents for and on behalf of each other.

## THE PATENTS

8. On September 23, 2997, U.S. Patent No. 5,671,412 ("the 412 patent"), entitled "License Management System for Software Applications," was duly and lawfully issued by the

COMPLAINT 2

United States Patent and Trademark Office ("PTO") in the name of Matt Christiano as inventor. Macrovision is the owner of the entire right, title and interest in and to the '412 patent by way of assignment. A true and accurate copy of the '412 patent is attached hereto as Exhibit A and is hereby incorporated by reference.

9. On February 4, 2005, U.S. Patent No. 5,390,297 ("the '297 patent"), entitled "System for Controlling the Number of Concurrent Copies of a Program in a Network Based on the Number of Available Licenses," was duly and lawfully issued by the PTO in the names of Jon H. Barber, Ronald A. Woodward, et al. as inventors. Macrovision is the owner of the entire right, title and interest in and to the '297 patent by way of assignment. A true and accurate copy of the '297 patent is attached hereto as Exhibit B and is hereby incorporated by reference.

10. On information and belief, Wise Solutions is the owner of United States Patent No. 7,028,019, entitled "Method and System of Managing Software Conflicts in Computer System That Receive, Processing Change Information to Determine Which Files and Shared Resources Conflict with One Another" ("the '019 patent"). A true and accurate copy of the '019 patent is attached hereto as Exhibit C and is hereby incorporated by reference.

**GENERAL ALLEGATIONS**

11. Macrovision is the market leader in content protection, software licensing and installation, and digital rights management technologies. Macrovision's solutions for the software industry help software publishers, vendors and enterprises maximize the value of their software. Its solutions bridge the gap between pricing and packaging of software on the developer side, and purchasing and managing that software on the enterprise side. Over 50,000 software vendors, publishers and virtually all of the Fortune 1000 companies use Macrovision's software solutions and its products are deployed on more than 500 million desktops worldwide.

12. Defendants provide computer system deployment, configuration and management products, including without limitation license management software. Defendants offer products that enable and perform the deployment of software and software packages across networks. In addition, Defendants provide products that allow network administrators to monitor and manage

1 software and licenses installed on workstation computers connected to the networks. These products are licensed either alone or in various combinations.

13. On or about October 12, 2006, Altiris informed Macrovision by letter that the '019 patent had recently issued to Wise Solutions and implicitly asserted that Macrovision infringed the '019 patent by the manufacture, use and sale of Macrovision's FLEXnet AdminStudio product. Defendants sent this letter to Macrovision in bad faith and without any reasonable basis to assert that the FLEXnet AdminStudio infringes the '019 patent.

14. In or around October 2006, Macrovision is informed and believes that Defendants contacted at least one of Macrovision's potential customers to knowingly, falsely, in bad faith and without any reasonable basis assert that Macrovision's FLEXnet AdminStudio product infringes the '019 patent. Macrovision is also informed and believes that Defendants knew that Macrovision was currently engaged in contractual negotiations with that prospective customer concerning a license to the FLEXnet AdminStudio product. Macrovision is further informed and believes that Defendants contacted that customer with the intent to disrupt Macrovision's economic or potential economic relationship with that customer.

15. As a direct and proximate result of Defendants' conduct, which bore no relation to a legitimate attempt to resolve a dispute, Macrovision's relationships with more than one potential customer and/or partner were disrupted.

16. Macrovision believes that each claim of the '019 patent either is not infringed by it, or is invalid, or both.

17. An actual controversy now exists between Macrovision and Defendants concerning whether Macrovision's manufacture, use or sale of FLEXnet AdminStudio product infringes any valid and enforceable claim of the '019 patent.

## COUNT ONE

### (Infringement of the '412 Patent)

18. Macrovision hereby incorporates by reference its allegations contained in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19. Defendants, by virtue of their use, sale, and offering for sale of computer system

COMPLAINT 4

deployment, configuration and management products (including without limitation license management software), without leave of license from Macrovision, directly and/or indirectly infringe the '412 patent in violation of the United States Patent Laws, Title 35 of the United States Code.

20. Defendants' acts of infringement of the '412 patent have damaged and will continue to damage Macrovision.

21. Defendants' acts of infringement of the '412 patent have caused, and unless Defendants' acts are enjoined will continue to cause, irreparable harm to Macrovision.

22. Macrovision is informed and believes that Defendants' infringement of the '412 patent has been willful.

## COUNT TWO

### (Infringement of the '297 Patent)

23. Macrovision hereby incorporates by reference its allegations contained in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

24. Defendants, by virtue of their use, sale, and offering for sale of computer system deployment, configuration and management products (including without limitation license management software), without leave of license from Macrovision, directly and/or indirectly infringe the '297 patent in violation of the United States Patent Laws, Title 35 of the United States Code.

25. Defendants' acts of infringement of the '297 patent have damaged and will continue to damage Macrovision.

26. Defendants' acts of infringement of the '297 patent have caused, and unless Defendants' acts are enjoined will continue to cause, irreparable harm to Macrovision.

27. Macrovision is informed and believes that Defendants' infringement of the '297 patent has been willful, and will continue unless enjoined by this Court.

## COUNT THREE

### (Declaratory Judgment of Non-Infringement and Invalidity)

28. Macrovision hereby incorporates by reference its allegations contained in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

29. The actions of Defendants have caused and unless enjoined will continue to cause Macrovision irreparable injury. Macrovision has invested substantial resources in the development of the FLEXnet AdminStudio product; and attempts by Defendants to prevent or limit Macrovision's manufacture, use or sale thereof will cause or are likely to cause Macrovision substantial and irreparable injury and harm, including loss of goodwill and substantial profits.

30. Macrovision has not infringed, and is not now infringing any valid and enforceable claim of the '019 patent. Macrovision is also informed and believes that one or more claims of the '019 patent are invalid for failure to meet the requirements of the patent laws of the United States, including without limitation one or more of the following sections of Title 35 of the United States Code: 102, 103 and/or 112.

31. Because of Defendants' actions and threats described herein, Macrovision has a reasonable and strong apprehension that it and/or its customers will soon be faced with an infringement suit brought by Defendants. Indeed, Defendants' assertions of infringement have already caused harm to Macrovision. Accordingly, a valid and justiciable controversy has arisen and exists between Macrovision and Defendants within the meaning of 28 U.S.C. § 2201.

32. Macrovision has no other adequate remedy at law.

33. Macrovision seeks (i) a declaration that it does not infringe any valid and enforceable claim of the '019 patent, (ii) a declaration that one or more claims of the '019 patent are invalid and (iii) preliminary and permanent injunctions against Defendants prohibiting them from asserting that Macrovision's manufacture, use, or sale of any of its products or services infringes any valid and enforceable claim of the '019 patent.

## COUNT FOUR

### (Interference with Economic Relations)

34. Macrovision hereby incorporates by reference its allegations contained in paragraphs 1 through 17 of this Complaint as though fully set forth herein.

COMPLAINT 6

35. Defendants contacted at least one of Macrovision's potential customers to knowingly, falsely, in bad faith and without any reasonable basis assert that Macrovision's FLEXnet AdminStudio product infringes the '019 patent. As a result of this unlawful conduct, Macrovision's relationship with that customer, which offered a significant probability of future economic benefit for Macrovision, was disrupted.

36. At the time that they contacted Macrovision and its potential customer to accuse Macrovision of infringing of the '019 patent, Defendants were aware that Macrovision maintained a prospective economic relationship with that customer, as well as with other current and potential customers and partners.

37. When engaging in the conduct alleged herein, Defendants aimed to and did disrupt Macrovision's economic relationships with its potential and current customers and/or partners. Defendants' conduct alleged herein was unlawful.

38. Defendants' actions have proximately and actually caused Macrovision damage in an amount to be determined at trial. Macrovision also seeks a preliminary and permanent injunction to prevent further interference with its customers and/or partners by Defendants.

39. When engaging in the conduct alleged herein, Defendants acted with malice and intent to harm Macrovision and to destroy its goodwill and relationships with its potential and existing customers and/or partners and, as such, Macrovision is entitled to exemplary damages.

## PRAYER FOR RELIEF

WHEREFORE, Macrovision respectfully requests that this Court enter an order granting Macrovision the following relief:

a) Preliminarily and permanently enjoining Defendants, and all officers, agents, servants, employees and persons in active concert or participation with them, and all persons with notice of this action, from: (a) making, using, selling, offering for sale, or importing into the United States any products that embody one or more of the claims of the '412 patent; (b) from actively inducing infringement of the '412 patent by others; (c) offering to sell, selling, or importing into the United States a component especially made or especially adapted for use in an infringement of the '412 patent; and (d) supplying or causing to be supplied in or from the United

COMPLAINT 7

States all or a substantial portion of the components of a product that embodies one or more of the claims of the '412 patent, or a component that is especially made or especially adapted for use in an infringement of the '412 patent;

  b)  Preliminarily and permanently enjoining Defendants, and all officers, agents, servants, employees and persons in active concert or participation with them, and all persons with notice of this action, from: (a) making, using, selling, offering for sale, or importing into the United States any products that embody one or more of the claims of the '297 patent; (b) from actively inducing infringement of the '297 patent by others; (c) offering to sell, selling, or importing into the United States a component especially made or especially adapted for use in an infringement of the '297 patent; and (d) supplying or causing to be supplied in or from the United States all or a substantial portion of the components of a product that embodies one or more of the claims of the '297 patent, or a component that is especially made or especially adapted for use in an infringement of the '297 patent;

  c)  An award to Macrovision for the damage caused by Defendants' infringement of the '412 patent under 35 U.S.C. § 284;

  d)  An award to Macrovision for the damage Defendants' infringement of the '297 patent under 35 U.S.C. § 284;

  e)  Enhanced damages under 35 U.S.C. § 284 for Defendants' infringement of the '412 and '297 patents;

  f)  Attorneys' fees under 33 U.S.C. § 285 for prosecution and defense of all patent counts herein;

  g)  A declaration that Macrovision does not infringe any valid and enforceable claim of the '019 patent;

  h)  A preliminary and permanent injunction enjoining Defendants or any person or entity in privity with Defendants from charging or asserting any claims of the '019 patent against Macrovision or any other person for its manufacture, use, sale or offer to sell the FLEXnet AdminStudio product;

  i)  An award to Macrovision of compensatory damages;

COMPLAINT                 8

1  j)  An award to Macrovision of exemplary damages;

2  k)  An award to Macrovision of its costs and expenses;

3  l)  An award to Macrovision of prejudgment and post-judgment interest; and

4  m)  Such other and further relief as this Court deems proper.

6  Dated: November 21, 2006            Fenwick & West LLP

                                       By: [signature]
                                       Charlene M. Morrow
                                       Attorneys for Plaintiff
                                       Macrovision Corporation

## DEMAND FOR JURY TRIAL

Plaintiff Macrovision Corporation hereby demands a trial by jury of all issues triable of right by a jury.

Dated: November 21, 2006

Fenwick & West LLP

By: _____
Charlene M. Morrow
Attorneys for Plaintiff
Macrovision Corporation

COMPLAINT                                    10